## WORTH AND WORTH v. NORTON.

SUPREME COURT—PLEADINGS—ANSWER—JURISDICTION.—Has the Supreme Court jurisdiction to allow a party to answer? This question should have been made before remittitur was sent down, and comes too late after it has gone down.

Before BENET, J., Marion, ————, 1899. Affirmed.

Action on note by Worth and Worth against James Norton. From Circuit order refusing judgment by default, and permitting defendant to answer under judgment of Supreme Court, plaintiffs appeal.

*Messrs. Wilcox & Wilcox,* for appellants, cite: Code, 195; art. V., sec. 4, Con. 1895; acts 1896, secs. 16 and 17, pp. 7 and 8; 20 S. C., 533; 22 S. C., 231, 309, 313.

*Messrs. Sellers & Sellers,* contra, cite: Art. V., sec. 4, Con. 1895; acts of 1896, p. 3; 47 S. C., 203.

March 3, 1900. The opinion of the Court was delivered by

MR. JUSTICE GARY. On the former appeal in this case, 56 S. C., 56, Mr. Justice Pope concludes his dissenting opinion as follows: "In my opinion, our judgment should be: 'It is the judgment of this Court, that the order of the Circuit Court which was appealed from be affirmed,' but the majority of the Court think otherwise. Hence it is my duty to state that the judgment of the Circuit Court be reversed, and the cause remanded to the Circuit Court, with leave to the defendant to answer in twenty days after the remittitur reaches the Court below; but that in the event the defendant fails to answer in said twenty days, that the plaintiff have leave to apply to the Court for judgment; but I dissent from this judgment."

The first question presented by the exceptions is whether his Honor, the Circuit Judge, erred in ruling that the de-

fendant had, under the judgment of the Supreme Court, the right to answer the complaint within twenty days after the remittitur reached the Circuit Court. Mr. Justice Pope states in his dissenting opinion what he thinks the judgment of the Court should be, but proceeds to announce, as the organ of the Court, the judgment which was concurred in by the majority of the Court. There was no other judgment by this Court. This Court gave the defendant the right to answer within the time hereinbefore mentioned, and the exceptions raising this question are overruled.

The next question raised by the exceptions is whether this Court had jurisdiction to allow the defendant to answer the complaint, on the ground that this question had not been ruled upon by the Circuit Judge, and could only be considered by this Court on appeal. The Supreme Court had jurisdiction of the subject matter of the appeal and of the parties to the action. The remittitur has been sent down, and even if there was error in granting leave to the defendant to answer the complaint, it is now too late to raise that question. The question should have been presented for the consideration of the Court before the remittitur was sent to the Circuit Court. The exceptions raising this question cannot, therefore, be considered.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.